IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT IN KENAI

FERNANDO OSPINA and TRACI ) 
REEDY, )
 )
        Plaintiffs, )
 )
vs. )
 )
MATTHEW J. WERTANEN, )
STATE OF ALASKA, DEPT. OF )
PUBLIC SAFETY, )
 )
        Defendants. )   Case No. 3KN-18-01084 CI
_____ )

BARBER & ASSOCIATES, LLC

ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

## AMENDED COMPLAINT

    Plaintiffs Fernando Ospina and Traci Reedy, by and through their attorneys Barber

& Associates, LLC and the Law Offices of Chadwick McGrady, P.C., and for their

Complaint for damages, hereby state and allege as follows:

## THE PARTIES

1.    At the time of the incident that is the subject of this complaint, Plaintiff

Fernando Ospina resiqed in Anchor Point, Alaska, within the third judicial district.

2.    At the time of the incident that is the subject of this complaint, Plaintiff Traci

Reedy resided with Fernando Ospina in Anchor Point, Alaska, within the third judicial

district.

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 1

EXHIBIT 1

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

3.     Defendant Matthew J. Wertanen ["Wertanen"] is a resident of Soldotna, Alaska within the third judicial district. At the time the claims accrued, Wertanen was acting under color of law as an Alaska State Trooper, but was not acting within the scope  of  his employment.   Defendant Wertanen is being sued in his individual capacity.

4.     Defendant State of Alaska is a sovereign entity that has consented to be sued through the Legislature's adoption of a statute. The Defendant Department of Public Safety ["DPS"] is an agency of the State of Alaska that trains and operates the Alaska State Troopers.

## JURISDICTION & VENUE

5.     This Court has jurisdiction over this matter pursuant to AS 22.10.020.

6.     Venue is proper because Plaintiffs' causes of action accrued within the third judicial district.

## GENERAL ALLEGATIONS

7.     On December 10, 2017, Fernando Ospina's and Traci Reedy's home was a cabin with a physical address of 171778 Valleyside Road, Anchor Point. Plaintiffs' driveway had chain designating to the public the entranceway to their residential property and the fact the property was private.

8.     Plaintiffs were peaceably occupying their cabin on the evening of December 10, 2017.   No calls had been made from their cabin reporting any disturbance.   Upon information and belief, no neighbor had asked any law enforcement agency to check on any

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 2

disturbance arising from Plaintiffs' cabin or Plaintiffs' property prior to the troopers arrival sometime in the night on December 10, 2017.

9.     On December 10, 2017, Wertanen and another trooper parked their marked state vehicles somewhere on a public road. Wertanen and this second trooper, without permission from the property owner and without a warrant to enter Plaintiffs' property, nevertheless walked past the chain described in paragraph 7. These troopers' unauthorized entrance onto Plaintiffs' private property occurred without any exigent circumstances lawfully authorizing their trespass onto Plaintiffs' private property.

10.     Wertanen and this second trooper walked up Plaintiffs' driveway in darkness, without the use of flashlights.

11.     Wertanen and this second trooper walked toward the front door of the Ospina/Reedy home which was illuminated with a porch light, but the troopers deliberately positioned themselves outside the illumination provided by the Plaintiffs' front porch light and thereby deliberately concealed themselves under a cloak of darkness.

12.     Wertanen and this second trooper walked toward the Ospina/Reedy home without announcing themselves as law enforcement officers, without stating their authority to enter Plaintiffs' property, and without stating their purpose.

13.     Plaintiff Fernando Ospina, hearing some sort of noise outside his home at night, but

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

having no reason to anticipate that two troopers were outside the cabin, hiding in the darkness and refusing to announce themselves, opened the interior door to his cabin and entered a lighted arctic entryway. From the standpoint of the concealed troopers, Mr. Ospina was completely exposed and vulnerable since the troopers silently hiding in the darkness could clearly see Mr. Ospina illuminated, while Mr. Ospina had "light pollution" effecting his ability to see in the darkness. No reasonable officer under the circumstances, applying common sense, would have perceived Mr. Ospina stepping into the light of his arctic entryway and illuminated front porch as a precursor to Mr. Ospina suddenly initiating gunfire with someone hiding in the darkness.

14.     No reasonable officer in the position of the troopers who had stealthy approached the cabin, yet remained outside the reach of the cabin's porch light, would have perceived Mr. Ospina as an imminent threat since any reasonable officer would understand they were protected by darkness while Mr. Ospina stood in the light where he was most vulnerable, a thing a reasonable person would avoid if he intended to harm someone hiding in the darkness.

15.     As Mr. Ospina walked into the arctic entryway and illuminated himself, Wertanen and the second trooper still did not identify themselves as troopers, did not announce their authority for being there, and remained hidden in the darkness, where neither trooper could be seen by Ospina.

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 4

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:    (907) 276-5817

16.     While still inside his home's arctic entry, Mr. Ospina had in his hand a .22 rifle.

Mr. Ospina had the rifle in his hand because he was investigating a non-specific noise near

his home and he wanted to make sure there was no threat to his property, including his

operating generator and because he was protecting his home, himself and Ms. Reedy

from any mischief and did not know what had caused the noise he heard.

17.     At all times prior to being suddenly shot at from the troopers' cover of darkness, Mr.

Ospina held the .22 rifle with the butt of the rifle in his left armpit, the rifle barrel draped

over his left forearm and the barrel pointing downwards at a 45 degree angle and neither of

Mr. Ospina's hands touching or near the rifle's trigger.

18.     While Mr. Ospina had the .22 rifle in the position described in paragraph 17, had his

right hand on the outside arctic door  and had not yet stepped  past the final outside

threshold of his home, Defendant Wertanen suddenly, and without any warning, and

from the cover of darkness, shot Mr. Ospina with a high-powered  .223 caliber

semi-automatic assault rifle.

19.     Despite Mr. Ospina's never being arrested  and never being charged with any crime,

the DPS has refused  to supply Mr. Ospina  with any significant  information concerning

the details of Wertanen shooting him and almost killing him. According to the limited news

available on the Internet, Wertanen shot at Ospina twice.

20.     On December 10, 2017, Mr. Ospina never pointed his .22 rifle at any trooper.

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 5

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:   (907) 276-5817

Nor did he discharge the .22 rifle during the time the troopers where sneaking around his property and trespassing that night. Mr. Ospina was not even aware there were troopers hiding in the darkness home until after he was shot by Wertanen.

21.    Any reasonable officer in Wertanen's position would not have reasonably believed that Mr. Ospina had actually seen the troopers, known they were hiding in the darkness, or perceived that Mr. Ospina posed an immediate or imminent threat of serious physical harm to a trooper since they had not announced themselves or shown their presence and were hidden by the darkness and the distance they had positioned themselves outside the front porch's illumination.

22.    At the time Wertanen entered Plaintiffs' property and shot Mr. Ospina, Mr. Ospina was not a person the troopers were investigating as being involved in any crime, let alone any crime of violence.

23.    At the time Wertanen entered Plaintiffs' property, Wertanen and the second trooper who accompanied him had no arrest warrant to serve on either Plaintiff.

24.    At the time Wertanen entered Plaintiffs' property, Wertanen did not know of Fernando Ospina or Traci Reedy by name and they had no intention of arresting either Plaintiff.

25.    Prior to aiming his assault rifle at Mr. Ospina, prior to shooting at Mr. Ospina, and prior to shooting Mr. Ospina, neither Wertanen nor the second trooper

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

accompanying him gave any verbal orders to Ospina to drop the .22 rifle because law enforcement was present.

26.     Prior to aiming his assault rifle at Mr. Ospina, prior to shooting at Mr. Ospina, and prior to shooting Mr. Ospina, neither Wertanen nor the second trooper accompanying him gave any verbal orders to Ospina to drop the .22 rifle or warn him that he would be shot if he failed to comply even though there was time for such a warning and it was practical for a warning to be given prior to the use of deadly force.

27.     Because the DPS' refusal to disclose material information to the victim of Wertanen's shooting, it is unknown if Wertanen claims he shot Mr. Ospina accidently because he failed to control and manage his assault rifle, or Mr. Wertanen personally claims some other excuse for shooting Mr. Ospina.

28.     After Wertanen shot Mr. Ospina, Wertanen and the second trooper or some other troopers recklessly or intentionally delayed medical treatment for Mr. Ospina even though it was obvious the scene posed no threat to the troopers and Mr. Ospina was "bleeding out" from the bullet wound Wertanen had inflicted into Ospina's groin area.

29.     It was later determined that Wertanen's bullet caused a devastating injury to Mr. Ospina's right femoral artery and vein and a shrapnel injury to the right trochanteric

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 7

*Left margin:*
BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-8817

area of Ospina's femur. Mr. Ospina almost died as a consequence of his rapid and severe blood loss. Mr. Ospina was so badly injured by the bullet wound and the failure to timely receive medical care that he sustained renal failure.

30.     Despite the dire condition Mr. Ospina was in after the devastating injury to his right femoral artery and vein, more or more troopers delayed medical treatment for Mr. Ospina for a considerable period of time. Mr. Ospina required approximately 50 minutes of cardiopulmonary resuscitations and received 9 units of packed red blood cells at the hospital.

31.     At no point on December 10, 2017 did Plaintiff Traci Reedy appear to the troopers to be armed with a weapon.

32.     At no point on December 10, 2017 did Traci Reedy threaten any trooper with physical injury or imminent bodily harm based on the available objective evidence concerning her words or actions.

33.     At no point on December 10, 2017 did Traci Reedy actively resist a law enforcement officer.

34.     After the shooting of Mr. Ospina, one or more of the troopers unlawfully seized Plaintiff Traci Reedy, handcuffed her, forced her to lay on the ice for a significant period of time, and otherwise falsely imprisoned her for a significant period of time even though she posed no threat, had not actively resisted, and was not under arrest. This unlawful

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 8

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

seizure and false imprisonment of Traci Reedy was particularly distressing to her because she was prevented from comforting her boyfriend Fernando, she was prevented from acting as an advocate for Femando to urge more immediate medical care for him, she was prevented from timely consulting with his emergency room doctors, and she was prevented from being by his bedside as he struggled to survive.

35.     No lawful authority or exigent circumstances justified one or more of the troopers seizing, physically detaining, and falsely imprisoning Traci Reedy who was not a threat, had committed no crime and was merely a witness.

36.     *City of Kodiak v. Samaniego*, 83 P.3d 1077, 1082-1086 (Alaska2004), *Metzker v. State*, 797 P.2d 1219, 1221 (Alaska App. 1990), and *Castle v. State*, 999 P.2d 169, 173-174 (Alaska App. 2000) gave the troopers involved clear notice that their physical seizure, detention, and imprisonment of Traci Reedy on December 10, 2017 was unauthorized and illegal.

37.     The seizure, detaining and false imprisonment of Plaintiff Traci Reedy was willful, reckless, or intentional misconduct by the involved troopers, or was done with gross negligence or malice.

38.     It was not a crime of any kind for Mr. Ospina, in response to some unidentified noise, to exit the cabin in which he resided and stand on his front porch holding a .22 rifle in the

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 9

manner described in paragraph 17, especially since he had no reason to believe troopers were outside in the darkness and the troopers did not disclose their presence.

39.     It was not a crime of any kind for Mr. Ospina, to exit the cabin in which he resided and stand on his front porch holding a .22 rifle in the manner described in paragraph 17, even if the troopers had announced that they were standing outside in the darkness.

40.     Defendant Wertanen should have been trained by the DPS that law enforcement officers may not inflict deadly force on a citizen who does not pose an immediate threat to the safety of others simply because a citizen is armed at the citizen's home.

41.     Plaintiff Fernando Ospina suffered severe permanent physical impairment and severe disfigurement due to acts of the Defendants alleged herein, entitling Mr. Opsina to the higher ceiling for noneconomic damages awards reflected in AS 09.17.0lO(c).

### FIRST CAUSE OF ACTION
**(Assault and Battery by Defendant Wertanen in violation of Alaska law)**

42.     Plaintiffs incorporate by reference the allegations in paragraphs 1-41 of the Complaint.

43.     Defendant Wertanen had a duty to Fernando Ospina to refrain from using deadly force against him that was not authorized by Alaska law or other applicable controlling standards which restricted Wertanen's authority, use of force, and discretion.

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 10

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

BARBER & ASSOCIATES, LLC

ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501

PHONE: (907) 276-5858
FAX: (907) 276-5817

44.     Defendant Wertanen had a duty to refrain from assaulting and physically injuring Mr. Ospina, including but not limited to a duty to avoid unnecessary, unreasonable and non-privileged use of deadly force contrary to clearly established Alaska law.

45.   Defendant Wertanen's acts and omissions put Mr. Ospina in imminent fear of harmful or offensive contact, as well as his death.

46.     Defendant Wertanen offensively touched, physically injured and almost killed Mr. Ospina by inflicting unlawful, unnecessary, unreasonable, and excessive deadly force against him.

47.     Defendant Wertanen's acts were done outside of Wertanen's lawful authority or discretion.

48.     Defendant Wertanen's acts and omissions were done corruptly, maliciously, and in bad faith. Evidence in support of these allegations, includes but is not limited to the following: (a) Wertanen had no objective or subjective basis to believe Mr. Ospina had committed a crime (let alone a crime involving serious physical injury to another), or was subject to arrest, or posed a risk of immediate serious physical harm to others; (b) Wertanen pointed an assault rifle at Mr. Ospina with this finger on the trigger when Mr. Ospina could not see him, when the troopers did not disclose they were present, and when Ospina held his .22 in a harmless matter as described in paragraph 17; (c) Wertanen acted in violation

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 11

of law of which any reasonable officer in Alaska had clear notice; (d) Wertanen failed to employ lesser force when that non- deadly force was practical; (e) Wertanen gave no verbal warning prior to the use of deadly force; (f) Wertanen refused to reveal his presence to defuse the situation, especially since he was not on the property to arrest Mr. Ospina and was aware of no evidence that Mr. Ospina had committed a crime; (g) Wertanen shot at Mr. Ospina in rapid succession without pausing to assess the effect of the first bullet; (h) Wertanen refused timely medical aid to Mr. Ospina to alleviate his suffering, prevent the exacerbation of his injury, and attempt to save his life, even though he knew Mr. Ospina was not posing any imminent threat to anyone, including but not limited to after he was shot. There may be additional facts uncovered in discovery which the DPS has so far refused to provide which support culpability.

49. Defendant Wertanen's acts and omissions were a legal cause of a series of separate injuries suffered by Mr. Ospina.

50. Mr. Ospina was damaged by Defendant Wertanen's acts and omissions, including but not limited to bodily injury, pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, infliction of emotional distress, and other nonpecuniary damages. Defendant Wertanen's acts and omissions were outrageous and were done with malice or reckless indifference entitling Plaintiff to punitive damages against this Defendant.

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 12

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

## SECOND CAUSE OF ACTION
### (Negligence or Recklessness by Defendant Wertanen)

51.     Plaintiff incorporates by reference the allegations in paragraphs 1-50 of the Complaint.

52.     Defendant Wertanen owed a duty to exercise reasonable care towards Fernando Ospina.

53.     Defendant Wertanen breached his duty of reasonable care to Mr. Ospina, including but not limited to the following reasons: (a) in negligently or recklessly claiming Mr. Ospina aimed his gun at a trooper, causing other troopers to delay getting Mr. Ospina immediate medical treatment; and (b) in negligently or recklessly failing to arrange for immediate medical treatment for Mr. Ospina who was severely wounded.

54.     Defendant Wertanen's breach of his duty of reasonable care owed to Mr. Ospina was a proximate cause of Mr. Ospina sustaining damages.

55.     Defendant Wertanen's acts and omissions were outrageous and reckless, entitling Plaintiff Mr. Ospina to punitive damages.

## THIRD CAUSE OF ACTION
### (Direct Negligence Against the Defendant State of Alaska, Department of Public Safety, under Alaska law)

56.     Plaintiff incorporates by reference the allegations in paragraphs 1-55 of the Complaint.

57.     Defendant State of Alaska, DPS, had a duty to use reasonable care in the

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 13

training of its State Troopers, including but not limited to (a) their lack of authority to enter private property without a warrant or timely and lawful exigent circumstances;

(b) the definition of "deadly force" and the limited authority a trooper has to threaten deadly force and the conditions which must exist when the threat is made; (c) the limited authority a trooper has to use deadly force and the conditions which must exist before deadly force is used; (d) the duty to warn citizens inside their home, unaware of the officer's presence, that law enforcement officers are present, their authority for being present and their purpose in invading residents' privacy when there is no probable cause or reasonable suspicion to believe the residents have committed any crimes; (e) the duty to use lesser levels of force rather than deadly force when practical; (f) the duty to avoid unnecessary, unreasonable, unlawful acts by troopers and the prohibition against excessive force; and (g) the duty to immediately obtain medical attention for those injured by gunfire.

58.    Defendant State of Alaska, DPS, breached its duty to properly train Defendant Wertanen, the second trooper that accompanied him on December 10, 2017, and other troopers at the scene whose conduct is described herein.

59.    As a result of the State of Alaska, DFS' breach of duty of reasonable care as to training, Mr. Ospina was the victim of various torts inflicted by Defendant Wertanen or other troopers and he was severely injured and damaged.

60.    Plaintiff is entitled to damages against the State of Alaska, DPS, for its direct

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 14

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

negligence.

## FOURTH CAUSE OF ACTION
**(Negligent retention and negligent supervision by Defendant State of Alaska, DPS)**

61.    Plaintiff incorporates by reference the allegations in paragraphs 1-60 of the Complaint.

62.    Defendant State of Alaska, DPS, owed a duty to exercise reasonable care in deciding whether to retain State Troopers and in supervising their acts and omissions.

63.    Defendant State of Alaska, DPS, by and through its agents and supervisors, breached its duty to exercise reasonable care in its supervision of State Troopers, including but not limited to the following: (a) in allowing Defendant Wertanen be armed with an assault rifle when he was not responding to a complaint as to the use of a weapon by a dangerous suspect, when he was not trying to arrest a person who was armed and dangerous, when he was not investigating a violent felony in progress, and for other reasons as may be disclosed in discovery; (b) in issuing Defendant Wertanen an assault rifle when he was insufficiently trained to use the weapon and discharged the weapon recklessly, endangering life; (c) in allowing Wertanen to enter Plaintiffs' private property without a warrant or legal authority; (d) in failing to ensure that immediate medical treatment was given to Femando Ospina once the shooting was reported; (e) in failing to immediately arrange for the release of the wrongfully detained Tracy Reedy; and (f) in failing to properly supervise once Ospina's shooting was reported.

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 15

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

64.   Defendant State of Alaska, DPS, breached its duty to exercise reasonable care by negligently retaining Defendant Wertanen as a State Trooper.

65.   As a result of the State of Alaska, DPS' breach of duty of reasonable care as to its obligations to supervise and retain, Plaintiffs were the victims of various torts and were injured and damaged.

66.   Plaintiffs are entitled to damages against the State of Alaska, DPS, for its direct negligence.

## FIFTH CAUSE OF ACTION
### (Troopers' Intentional Torts Against Plaintiff Traci Reedy)

67.   Plaintiff incorporates by reference the allegations in paragraphs 1-66 of the Complaint.

68.   Troopers at the Ospina/Reedy cabin on December 10, 2017 had a duty to exercise reasonable care in observing and respecting the common law rights Plaintiff Traci Reedy had as a resident of her home, who had committed no crime, was merely a witness to the acts, omissions, and misdeeds of Defendant Wertanen and other troopers, and who wished to provide care and comfort to Mr. Ospina after he was shot and lay bleeding at the threshold of his home.

69.   Troopers at the Ospina cabin on December 10, 2017 knew or should have known that there was no lawful basis to arrest, seize, detain, or falsely imprison

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 16

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:   (907) 276-5817

Plaintiff Traci Reedy and that the seizure, detention, use of force, and imprisonment of Ms. Reedy violated the clearly established law set forth in *City of Kodiak v. Samaniego*, 83 P.3d 1077 (Alaska 2004), *Metzker v. State*, 797 P.2d 1219 (Alaska App. 1990), and *Castle v. State*, 999 P.2d 169 (Alaska App. 2000).

70. Alaska Troopers at the Ospina/Reedy cabin on December 10, 2017 intentionally and recklessly breached their duties owned to Ms. Reedy when they seized, handcuffed and detained Ms. Reedy unlawfully.

71. Defendants' conduct in using force to physically detain Ms. Reedy was so egregious that any reasonable officer would have known this conduct was unlawful.

72. *City of Kodiak v. Samaniego*, 83 P.3d 1077 (Alaska 2004) put Defendants and any involved trooper on clear notice that the Defendants were not privileged to detain Ms. Reedy.

73. The seizure and physical detention of Ms. Reedy was willful, reckless, or intentional misconduct by certain Alaskil State Trooper(s), or was done with gross negligence or malice, entitling Ms. Reedy to damages, including punitive damages.

74. Because the troopers' acts described herein so clearly violated Alaska law as to which the troopers had clear notice, the involved troopers were not acting within the scope of their employment, but merely under color of law.

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 17

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

## SIXTH CAUSE OF ACTION
### (Vicarious Liability Against the Defendant State of Alaska as an Alternative Theory)

75.     Plaintiff incorporates by reference the allegations in paragraphs 1-74 of the Complaint.

75.     At all relevant times, Defendant Wertanen and the other involved troopers were employed by the State of Alaska, DPS and acting under "color of law."

76.     Plaintiff alleges that Defendant Wertanen's and the other involved troopers' intentional and reckless torts did not fall within the scope of each trooper's employment. However, to the extent that there are any acts or omissions ofby one of the troopers that falls within the scope of his or her employment or otherwise supports the imposition of vicarious liability against their employer under law or equity, Plaintiffs assert the Defendant State of Alaska is vicariously liable, jointly and severally, for the damages caused by those acts or omissions.

## SEVENTH CAUSE OF ACTION
### (42 U.S.C. 1983 Claims)

77.  Plaintiffs incorporate by reference the allegations in paragraphs 1-76;

78.  Trooper Wertenen was an agent of the State of Alaska;

79.  Trooper Wertenen was acting under color of law in the course and scope of his duties for the State of Alaska and acting pursuant to its policies, customs and practices when he

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 18

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

shot the plaintiff without announcing his presence, identifying himself, warning the plaintiff,

or issuing any commands to the plaintiff;

80. Neither of the troopers were in any danger to justify the use of deadly force;

81. Neither of the troopers tried to talk appropriately to the plaintiff, tried to find out what

was the situation, or to defuse same;

82. Neither of the troopers tried to disable the plaintiff in a non-fatal fashion;

83. Neither trooper was adequately trained, and/or supervised and/or equipped and/or

properly taught how to handle potentially hostile situations in a non-lethal way and/or not

properly instructed on how to stand their ground and/or safely retreat and/or not properly

instructed/taught how to incapacitate or seize an individual in a non-lethal manner. On

information and belief, there may be customs, procedures and/or practices of the Alaska

Troopers that result in the unnecessary use of deadly force. On information and belief, the

trooperss were recklessly and/or negligently not provided with the means and training to

de-escalate such an encounter without deadly force;

84. Trooper Wertenan and the State of Alaska are liable for actions which constitute false

arrest and/or imprisonment which constitute unreasonable seizures in violation of the State

and U.S. Constitutions and laws;

85. Trooper Wertenen and the State of Alaska are liable for violating the rights of plaintiffs

to due process, and/or to be free from excessive and/or unnecessary force and seizure

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 19

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

guaranteed by the Alaska Constitution and the United States Constitution, including the 4th Amendment, 5th Amendment, and the 14th Amendment to the U.S. Constitution, U.S. Statute 42 Section 1983, and United States of America Common Law. Trooper Wertenen's actions constituted an actionable seizure of plaintiffs and deprivation of due process in violation of the Fourth, Fifth, and Fourteenth Amendments. Trooper Wertenen acted in a manner which was unreasonable because it created a great and unjustified an unnecessary danger of death or serious bodily injury to Fernando Ospina, with the seizure resulting in the wounding in violation of Fernando Ospina's constitutional rights;

86. Trooper Wertenen and the State of Alaska engaged in reckless and capricious conduct that was unreasonable and/or unnecessarily dangerous and/or was with deliverate indifference and/or shocks the conscience;

87. Trooper Wertenen and the State of Alaska's unreasonable, reckless, dangerous and unconstitutional actions without justification directly caused plaintiffs to suffer loss of liberty, and great physical and emotional injury for which defendants are liable;

88. Trooper Wertenen and the State of Alaska caused the plaintiff to suffer the deprivations of the State and federal constitutional rights described in the Counts above. Those actions were allowed, approved and/or ratified by the defendants, with respect to law enforcement policy. Trooper Wertenen's reckless actions foreseeably resulted from the State's deliberate

4316 / 06 Amended Complaint
Ospina et al v. Wertenen et al, Case No. 3KN-18-01084 CI
Page 20

indifference to the need to adequately train and equip Troopers adequately to deal with an altercation or potentially hostile situation without resorting to excessive/lethal force.

89. The defendants' continuing course of unethical, improper and/or unconstitutional acts of excessive force by the State of Alaska Dept. of Law and its Troopers amounts to a deliberate indifference to the plaintiffs' civil rights, as well as an indifference to the rights of other citizens and the community at large, and constitutes an official and/or de facto policy of the State of Alaska approving and/or condoning and/or ratifying the improper acts and omissions of its agents and employees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

1.      For judgment against the Defendants in excess of $100,000, the precise amount to be decided by a jury;

2.      For an award of punitive damages as allowed by law;

3.      For the imposition of vicarious liability as allowed by law or equity;

4.      For pre-judgment and post-judgment interest, attorneys' fees, and costs incurred in this matter; and

5.      For such other relief as this court deems just and equitable.

DATED at Anchorage, Alaska this 2 4 day of June, 2019.

BARBER & ASSOCIATES, LLC
Counsel for Plaintiffs

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 21

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:      (907) 276-5817

By: _____
JEFF BARBER
AK Bar #0111058

DATED at Anchorage, Alaska this 24 day of June, 2019.

LAW OFFICE OF CHADWICK McGRADY, P.C.
Counsel for Plaintiffs

By: _____
CHADWICK P. McGRADY      *Jeff Barber*
AK Bar #0312082           *ABA # 0111058*

CERTIFICATE OF SERVICE
This is to certify that on this date a
copy of the foregoing was served
by ( X ) mail ( ) fax ( ) hand to:
Andalyn Pace
Assistant Attorney General
Office of Attorney General
1031 W Fourth Ave., Suite 200
Anchorage, AK 99501

Margaret Paton-Walsh
Special Litigation Section
Attorney General's Office
1031 W 4th Ave., Suite 200
Anchorage AK 99501

Chadwick McGrady
Law Office of Chadwick McGrady
Independence Center
417 Monument Road, Suite 6
Grand Junction, CO 81507

Joshua Fannon
Law Office of Joshua Fannon
550 South Alaska St., Suite 203
Palmer, AK 99645

_____  1-25-19
Angie Miller          Date

4316 / 06 Amended Complaint
Ospina et al v. Wertanen et al, Case No. 3KN-18-01084 CI
Page 22

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:    (907) 276-5817


Case 3:19-cv-00224-JWS   Document 1-1   Filed 08/19/19   Page 22 of 22