KEVIN G. CLARKSON
ATTORNEY GENERAL
Jessica Leeah (Alaska Bar No. 0412105)
Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2520
Email: jessica.leeah@alaska.gov
*Attorney for State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FERNADO OSPINA and TRACI REEDY, Plaintiffs, v. MATTHEW J. WERTANEN, STATE OF ALASKA DEPARTMENT OF PUBLIC SAFETY, Defendants. | Case No. 3:19-cv-00224-JWS |

**STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF ALASKA STATE TROOPER OPERATING PROCEDURES MANUAL; TROOPER DETACHMENT E STANDARD OPERATING PROCEDURE MATERIALS; and TRAINING MATERIALS**

Certain documents relating to the State of Alaska, Department of Public Safety (DPS) Operating Procedures Manual (OPM), Standard Operating Manual (SOP) for Alaska State Trooper Post/Detachment E, and DPS training materials may be reasonably calculated to lead to the discovery of admissible evidence. Such records are subject to various confidentiality protections. To preserve and

maintain confidentiality of the documents and to facilitate discovery of that information, Counsel for Fernando Ospina and Traci Reedy, Trooper Matthew Wertanen and DPS stipulate to the production, use, and dissemination of portions of the OPM for DPS, SOP for Alaska State Trooper Post/Detachment E, and DPS training materials subject to the following provisions:

1. The documents, materials and information to which this stipulation and order apply include chapters of the DPS OPM (101 Standards of Conduct; 107 Use of Force; 118 Use of Deadly Force; 222 Interviews; and 223 Arrest); SOP chapters for Alaska State Trooper Post/Detachment E which correlate to the OPM chapters listed; and training materials related to use of force, arrest and detainment, interviewing, rendering aid, and investigation that were used to train troopers at its Academy during the time period that Trooper Matthew Wertanen attended the Academy in 2005. These records are considered confidential and protected under AS 40.25.120(6)(F) & (G).

2. DPS will make the DPS records identified in paragraph one available to the other parties in this case through counsel.

3. DPS may redact the records identified in paragraph one if it believes failing to redact information would: disclose confidential techniques and procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions if the disclosures could reasonably be expected to risk circumvention of law. DPS shall serve a privilege log describing any redacted information with enough detail to enable

*Ospina, F. & Reedy, T. v. SOA, DPS, & Wertanen*  3:19-cv-00224-JWS
STIPULATION AND PROTECTIVE ORDER  Page 2 of 7
Case 3:19-cv-00224-JWS   Document 14-1   Filed 12/13/19   Page 2 of 7

review of the privilege asserted. Any disputes as to the discoverability of documents and materials shall be resolved by the court prior to disclosure and/or production. This provision does not waive any party's ability to move for court-ordered production of redacted information.

4. These materials shall be marked with a stamp identifying them as confidential and this stamp shall be included on all future copies of these materials.

5. The materials identified in paragraph one may be made available by parties' counsel only to their staff, expert witnesses, consultants, and parties to this action who are actively engaged in the conduct of this action solely for the purpose of preparing for trial in this matter, provided all such persons are instructed that the materials and information contained in them shall remain confidential and shall not be disclosed to third parties.

6. Documents produced under this agreement shall only be used in this case and shall not be disclosed or produced outside of this litigation.

7. All discovery materials obtained as part of this action, including deposition testimony, shall not be disclosed outside this litigation nor posted or published on the Internet, You Tube, or any form of social media without court order.

8. Before any person is allowed to view any portion of the documents identified in paragraph one, he or she shall be informed of the terms of this stipulation and order and agree to be bound by it. In the event any copy service is

*Ospina, F. & Reedy, T. v. SOA, DPS, & Wertanen*　　3:19-cv-00224-JWS
STIPULATION AND PROTECTIVE ORDER　　Page 3 of 7
Case 3:19-cv-00224-JWS   Document 14-1   Filed 12/13/19   Page 3 of 7

engaged to copy or otherwise handle any portion of the OPM, SOP, or training materials, its representatives shall be informed of the terms of this stipulation and agree to be bound by it.

9. This agreement and order shall not preclude the disclosure of the materials identified in paragraph one or the information contained in those materials to a witness during a deposition in this case or preclude the inclusion of any portion of the materials as an exhibit to a deposition if: (a) the disclosure is pursuant to the terms of this agreement; and (b) deponents and court reporters are instructed that the material and information is confidential and shall not be disclosed to third parties.

10. If a party files materials produced pursuant to this stipulation, the party will mark and identify the materials as confidential. Pursuant to Federal Rule of Civil Procedure 5.2(e)(2), nonparties' remote electronic access to the material filed with the court will be prohibited. The parties agree to attempt to resolve amongst themselves any questions or disputes regarding the filing of protected evidence prior to seeking court intervention.

11. Control and distribution of all copies of documents and materials, and information contained in them, shall be in accordance with this stipulation and order and shall be the responsibility of counsel for the parties. Protected evidence shall be copied only as necessary to the prosecution or defense of this lawsuit.

*Ospina, F. & Reedy, T. v. SOA, DPS, & Wertanen*  3:19-cv-00224-JWS
STIPULATION AND PROTECTIVE ORDER  Page 4 of 7
Case 3:19-cv-00224-JWS   Document 14-1   Filed 12/13/19   Page 4 of 7

12. This stipulation and order do not broaden, restrict, or otherwise change the scope of discovery and disclosures required by the Civil Rules, nor does it restrict a party's right, if any, to propound additional discovery.

13. This stipulation and order do not alter the rules pertaining to disclosure and discovery, and the parties do not waive any objections to disclosure or discovery. The parties are not required to provide discovery beyond that permitted by the Federal Rules of Civil Procedure, nor are they required to provide discovery other than through interrogatories, requests for production, requests for admission, or depositions.

14. This stipulation and order do not affect the applicability of any rules pertaining to confidentiality or privacy with respect to the use of the protected evidence at trial or any other public proceedings. All objections to disclosure in public proceedings are preserved.

15. This stipulation and order do not alter the rules relating to admissibility of evidence at trial. All objections to admissibility are preserved.

16. At the end of litigation, whether by settlement, trial, or dismissal, upon request of DPS, all protected documents produced under this stipulation and order and all copies of those documents shall be accounted for and returned to the party which produced them.

17. The provision of this stipulation and order shall continue to be binding after the termination of this litigation.

*Ospina, F. & Reedy, T. v. SOA, DPS, & Wertanen*  3:19-cv-00224-JWS
STIPULATION AND PROTECTIVE ORDER  Page 5 of 7
Case 3:19-cv-00224-JWS   Document 14-1   Filed 12/13/19   Page 5 of 7

18. The parties ask the court to sign the attached order, allowing the use, production, and dissemination of restricted, confidential materials as stipulated to in this agreement.

DATED: December 11, 2019.

BARBER & ASSOCIATES, LLC

By: /s/Jeffrey J. Barber
    Jeffrey J. Barber
    Attorney for Plaintiff
    Alaska Bar No. 0111058

LAW OFFICE OF CHADWICK McGRADY

By: /s/Chadwick McGrady
    Chadwick McGrady
    Attorney for Plaintiff
    Alaska Bar No. 0312082

KEVIN G. CLARKSON
ATTORNEY GENERAL

By: /s/Andalyn Pace
    Andalyn Pace
    Assistant Attorney General
    Alaska Bar No. 1305025

KEVIN G. CLARKSON
ATTORNEY GENERAL

By: /s/Jessica Leeah
    Jessica Leeah
    Assistant Attorney General
    Alaska Bar No. 0412105

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

*Ospina, F. & Reedy, T. v. SOA, DPS, & Wertanen*     3:19-cv-00224-JWS
STIPULATION AND PROTECTIVE ORDER     Page 6 of 7
Case 3:19-cv-00224-JWS   Document 14-1   Filed 12/13/19   Page 6 of 7

# ORDER

This matter having come before the court on stipulated agreement and the court being duly advised,

IT IS HEREBY ORDERED that the Stipulation Governing the Production, Use and dissemination of the Operating Procedures Manual (OPM) for the Department of Public Safety (DPS), Standard Operating Manual (SOP) for Alaska State Trooper Post/Detachment E, and DPS training materials is GRANTED. The materials may be produced and used subject to the limitations outlined in the parties' stipulation.

DATED this \_\_\_\_\_ day of _____, 2019.

_____
Honorable John W. Sedwick
United States District Court Judge

*Ospina, F. & Reedy, T. v. SOA, DPS, & Wertanen*  3:19-cv-00224-JWS
STIPULATION AND PROTECTIVE ORDER  Page 7 of 7
Case 3:19-cv-00224-JWS   Document 14-1   Filed 12/13/19   Page 7 of 7