STEPHEN J. COX
ATTORNEY GENERAL

John D. Harjehausen (Alaska Bar No. 9701002)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 276-3697
Email: john.harjehausen@alaska.gov

Attorney for Wertanen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FERNANDO OSPINA and TRACI REEDY, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>MATTHEW J. WERTANEN, STATE OF ALASKA, DEPARTMENT OF PUBLIC SAFETY, <br><br>　　　　　Defendants. | Case No.: 3:19-cv-00224-KFR |

**DEFENDANTS' JOINT MOTION FOR SANCTIONS
AGAINST PLAINTIFF TRACI REEDY**

## I.　INTRODUCTION

Defendants Mathew J. Wertanen, and State of Alaska, Department of Public Safety, move the court pursuant to Federal Rule of Civil Procedure 37(b)(2) for sanctions against Plaintiff Traci Reedy for not obeying this Court's Order Granting Motion to

Compel Deposition of Plaintiff Traci Reedy.[1] As discussed below, Plaintiff Traci Reedy has twice failed to appear for a deposition after proper notice and service of it at her address of record. Accordingly, Defendants submit that dismissal of Traci Reedy's claims and prohibiting her from testifying at trial are appropriate sanctions.

## II. ARGUMENT

This case arises out of the response of Trooper Mathew Wertanen ("Trooper Wertanen") and Seargent Robert Hunter ("Sergeant Hunter") to a 911 call from Krista Wilson, a resident of Anchor Point, reporting shooting going on "right now," at a neighboring house on Valleyside Avenue. On the way to the property Sergeant Hunter was informed that there had been drug history at the residence and prior incidents of shooting. As a result, Trooper Wertanen and Sergeant Hunter stopped short of the address, donned plate body armor and transitioned from side arms to rifles. They walked down Valleyside until they came to the property. There were two structures on it, a blue house and a red house. There were lights on in the red house, a porch light, and a person on the porch. The person on the porch was doing something with a generator and then walked up the driveway to where Trooper Wertanen and Sergeant Hunter were standing. Sergeant Hunter's audio recorded the following verbal exchange with the individual, later identified as Dellan Vanbuskirk ("Mr. Vanbunskirk").

---

[1] Dkt. 102.

*Ospina v. SOA, DPS, & Wertanen*  Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy    Page 2 of 10
Case 3:19-cv-00224-KFR   Document 105   Filed 12/31/25   Page 2 of 10

| | |
|---|---|
| Sergeant Hunter: | State Troopers. Let's see your hands. |
| Mr. Vanbuskirk: | [inaudible] |
| Sergeant Hunter: | Shine your light down, not in my eyes |
| Mr. Vanbuskirk: | [inaudible] |
| Sergeant Hunter: | Stay where you're at. Stay where you're at. Stay where you're at! |
| Mr. Vanbuskirk: | …sliding down the hill. |
| Sergeant Hunter: | Get on the ground! |
| Mr. Vanbuskirk: | [inaudible] |
| Sergeant Hunter: | Get on the damn ground! |

At this point it was clear to Trooper Wertanen and Sergeant Hunter that Mr. Vanbuskirk was running away from them. As Sergeant Hunter pursued Mr. Vanbuskirk toward the front of the red house (Mr. Vanbuskirk in the lead followed by Sergeant Hunter followed by Trooper Wertanen) both Troopers observed Mr. Vanbuskirk reach into a sweatshirt pocket, and Sergeant Hunter yelled: "Stop or I'll shoot!"

Almost instantly Plaintiff Fernando Ospina, then took a step out the front door of the red building with a rifle in his hands which started to lower. Trooper Wertanen fired two shots, one of which struck the Plaintiff in the groin. Thereafter, the officers detained Mr. Ospina, provided medical treatment to him, and interviewed Plaintiff Traci Reedy, who was present inside the home at the time of the incident.

Plaintiffs allege Trooper Wertanen's use of force was unreasonable and have asserted claims against Defendants for assault and battery, negligence; and violation of

*Ospina v. SOA, DPS, & Wertanen*              Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy     Page 3 of 10
Case 3:19-cv-00224-KFR     Document 105     Filed 12/31/25     Page 3 of 10

42 U.S.C. 1983.[2] Plaintiffs allege the State of Alaska and Department of Public Safety negligently trained, supervised, and retained Trooper Wertanen and Sergeant Hunter. In addition, Plaintiff Traci Reedy alleges they unlawfully seized, detained, and imprisoned her and used excessive force in violation of her constitutional rights.

Plaintiff Traci Reedy was formerly represented by counsel. However, her counsel moved to withdraw[3] and the motion was granted on August 22, 2025.[4] Pursuant to the Order Granting Motion to Withdraw as Attorney, Plaintiff "Tracy Reedy may be served at her last known address: Tracy Reedy, 1177 Aztec Road, Fairbanks, AK 99705."[5]

Defendants noticed the deposition of Plaintiff Traci Reedy to occur on September 30, 2025. When she failed to appear for the deposition, Defendants moved the court to compel her attendance at a deposition.[6] On November 11, 2025, the Court issued an Order Granting Motion to Compel Deposition of Plaintiff Traci Reedy.[7] She was ordered to "attend a videoconference deposition commencing no later than 30 days after the date of this Order." Further, she was "advised that failure to attend her noticed deposition may lead to imposition of further sanctions."[8] Lastly, she was "ordered to

---

[2] See Dkt 1, Exhibit 1, Defendants' Joint Notice of Removal and Amended Complaint.

[3] Dkt. 91.

[4] Dkt. 93.

[5] *Id*.

[6] Dkt. 100. See also Dkt. 101 Declaration of Charlotte Van Zee.

[7] Dkt. 102.

[8] *Id*.

*Ospina v. SOA, DPS, & Wertanen*                                                   Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy      Page 4 of 10
Case 3:19-cv-00224-KFR    Document 105    Filed 12/31/25    Page 4 of 10

show cause, in writing and no later than 30 days after the date of this Order, why she should not be ordered to pay the reasonable expenses that Defendants have incurred due to her failure to attend her deposition."[9]

On November 28, 2025, Defendants served a notice of deposition on Plaintiff Traci Reedy, stating that her videoconference deposition would commence on December 9, 2025, at 10:00 a.m. The notice was served to her address of record.[10] On December 9, 2025, counsel for the parties attended the deposition, however, Plaintiff Traci Reedy did not attend, notwithstanding the Court's prior order. Defendants now move the Court for additional sanctions including striking or dismissal of her claims, as well as a prohibition of her testifying at trial regarding the claims of Plaintiff Fernando Ospina.

Federal Rule of Civil Procedure 37(b)(2)(A) states in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include:
>
> . . .
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> . . .
> (iv) dismissing the action or proceeding in whole or in part:

---

[9] *Id*.

[10] Declaration of Charlotte Van Zee, Ex. A – USPS Tracking of Deposition Notice for Traci Reedy, and Ex. B – Deposition Transcript of Traci Reedy December 9, 2025.

*Ospina v. SOA, DPS, & Wertanen*　　　　　　　　　　　　　　　　Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy　　　　Page 5 of 10
Case 3:19-cv-00224-KFR　　　Document 105　　　Filed 12/31/25　　　Page 5 of 10

Sanctions imposed under Rule 37(b) are committed to the sound discretion of the trial judge.[11] However, where the court is considering the sanction of dismissal under Rule 37(b)(2)(A)(iv), the court's "range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith."[12]

"'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault."[13] In the instant case, Plaintiff Traci Reedy was "ordered to show cause…why she should not be ordered to pay the reasonable expenses that Defendants have incurred due to her failure to attend her deposition." She has failed to serve any explanation for her failure to attend her depositions, and there is nothing before the court that this failure was due to issues outside of her control.

If willfulness is shown, the following five factors determine whether dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[14] This multifactor analysis is not a list of prescriptive mandates, but "

---

[11]  *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).

[12]  *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Amer. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

[13]  *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Amer. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

[14]  *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

*Ospina v. SOA, DPS, & Wertanen*  Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy          Page 6 of 10
Case 3:19-cv-00224-KFR   Document 105   Filed 12/31/25   Page 6 of 10

[…] provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]"[15] "[T]he most critical factor to be considered is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.' "[16]

The first two factors favor the imposition of sanctions in most cases.[17] With respect to the third factor, Defendants would be severely prejudiced if they cannot engage in discovery of the facts of Plaintiff Traci Reedy's claims, including obtaining her deposition testimony prior to trial. It is undisputed that she was inside the house prior to Mr. Ospina exiting their residence with a gun. Mr. Ospina alleges that he did not hear the officers announcing themselves to Mr. Vanbuskirk, their order that Vanbuskirk show the officers his hands, or the officers yelling at Vanbuskirk to stop. Plaintiff Traci Reedy is believed to have knowledge relevant to whether Mr. Ospina knew or should have known that officers were outside the residence before he exited and the purpose for which he was carrying a rifle. Defendants would be further prejudiced if they could not depose

---

[15] *Id.*

[16] *Id.* at 1097 (quoting *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998)).

[17] *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)). *See also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), and *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990)( "Where a court order is violated, the first and second factors will favor sanctions and the fourth factor cuts against default. Therefore, it is the third and fifth factors that are decisive.").

*Ospina v. SOA, DPS, & Wertanen*  Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy   Page 7 of 10
Case 3:19-cv-00224-KFR   Document 105   Filed 12/31/25   Page 7 of 10

Plaintiff Traci Reedy regarding the circumstances of her alleged unlawful detainment or recorded audio statements with investigating officers. The fourth factor favors the disposition of cases on their merits. However, the fifth factor contains three subparts: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[18]

In the instant case, four out of the five factors weigh in favor of dismissal of Plaintiff Traci Reedy claims and prohibition of her testimony at trial. Plaintiff Traci Reedy has twice failed to attend a deposition denying Defendants the opportunity to access the true facts pertaining to this case. Regarding the availability of a less drastic sanction, the Court has already offered Plaintiff Traci Reedy the opportunity to demonstrate good cause regarding her nonattendance, and she has failed to provide any explanation or cause indicating that her lack of attendance was outside her control. To the extent that Plaintiff Traci Reedy's address is incorrect, she has failed to notify her prior counsel or the Court of a current and valid address for service of process.[19]

---

[18] *Connecticut General Life Ins. Co.*, 482 F.3d at 1096.

[19] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). *See also Cameron v. Therrian*, 2023 WL 11918162, 1 (D. Alaska 2023)("[I]f a plaintiff fails to keep a current address on file with the Court, it may result in a dismissal of the case without further notice to the plaintiff").

*Ospina v. SOA, DPS, & Wertanen*                    Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy          Page 8 of 10
Case 3:19-cv-00224-KFR    Document 105    Filed 12/31/25    Page 8 of 10

## III. CONCLUSION

For the reasons discussed above, Defendants now move the Court for additional sanctions including striking or dismissal of her claims, as well as a prohibition of her testifying at trial regarding the claims of Plaintiff Fernando Ospina.

DATED: December 31, 2025.

STEPHEN J. COX
ATTORNEY GENERAL

By: /s/John D. Harjehausen
John D. Harjehausen
Assistant Attorney General
Alaska Bar No. 9701002
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Facsimile: (907) 276-3697
Email: john.harjehausen@alaska.gov
Attorney for
State of Alaska

Certificate of Service
I certify that on December 31, 2025 the foregoing **Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy** was served electronically and via USPS Mail on:

Jeffrey J. Barber
Barber and Associates, LLC
jeffb@alaskainjury.com

Chadwick McGrady
Law Office of Chadwick McGrady, P.C.
chad@chadwickmcgrady.com

*Ospina v. SOA, DPS, & Wertanen*   Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy   Page 9 of 10

Case 3:19-cv-00224-KFR   Document 105   Filed 12/31/25   Page 9 of 10

Jessica Leeah
Chief Assistant Attorney General
Department of Law, Civil Division (Juneau)
jessica.leeah@alaska.gov

USPS Mail:
Traci Reedy
1177 Aztec Road
Fairbanks, AK 99705
Phone: 907-691-4463

/s/John D. Harjehausen
John D. Harjehausen, Assistant Attorney General

*Ospina v. SOA, DPS, & Wertanen*  Case No.: 3:19-cv-00224-KFR
Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy  Page 10 of 10

Case 3:19-cv-00224-KFR   Document 105   Filed 12/31/25   Page 10 of 10