# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

FERNANDO OSPINA and TRACI REEDY,

Plaintiffs,

v.

MATTHEW J. WERTANEN, and STATE OF ALASKA, DEPARTMENT OF PUBLIC SAFETY,

Defendants.

Case No. 3:19-cv-00224-KFR

## ORDER GRANTING MOTION FOR SANCTIONS AGAINST PLAINTIFF TRACI REEDY[1]

Before the Court is a Joint Motion for Sanctions Against Plaintiff Traci Reedy ("Motion") filed by Defendants Mathew J. Wertanen and State of Alaska, Department of Public Safety.[2] Neither Plaintiff Reedy, who is representing herself in this matter, nor Plaintiff Fernando Ospina responded to the Motion. For the reasons explained below, the Motion is **GRANTED**.

### I. BACKGROUND

On October 22, 2025, Defendant Wertanen moved to compel the deposition of Plaintiff Reedy pursuant to Federal Rule of Civil Procedure ("Rule") 37(d)(1)(A)(i).[3] Defendant Wertanen explained that Plaintiff Reedy had failed to appear for her deposition that was noticed to occur on October 13, 2025, despite notice being properly served at her last known address.[4]

---

[1] The Court is authorized to issue dispositive rulings pursuant to the parties' consent to a magistrate judge's exercise of plenary jurisdiction. *See* 28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1001 (9th Cir. 2019).

[2] Docket 105.

[3] Docket 100.

[4] *Id.* at 1. In support of his motion, Defendant Wertanen filed a declaration from paralegal Charlotte Van Zee in which she described the extensive efforts undertaken to provide Plaintiff Reedy with notice of the deposition. Docket 101.

On November 17, 2025, the Court granted this motion and ordered Plaintiff Reedy to "attend a videoconference deposition commencing no later than 30 days after the date of this Order," at a time to be determined by defense counsel.[5] The Court advised Plaintiff Reedy that "failure to attend her noticed deposition may lead to imposition of further sanctions."[6] Observing that Rule 37(d)(3) requires courts to award reasonable expenses caused by a party's failure to attend their own deposition, the Court also ordered Plaintiff Reedy to show cause, "in writing and no later than 30 days after the date of this Order," why she should not be ordered to pay those expenses incurred by Defendants in this case.[7] Plaintiff Reedy did not respond to the Court's show cause order.

On December 31, 2025, Defendants filed the instant Motion.[8] Defendants state that on November 28, 2025, they served a notice of deposition on Plaintiff Reedy's address of record.[9] The deposition was noticed to take place on December 9, 2025.[10] However, Plaintiff Reedy once again failed to attend.[11] Defendants ask the Court to sanction Plaintiff Reedy by striking or dismissing her claims, and by prohibiting her from testifying at trial regarding Plaintiff Ospina's claims.[12]

## II. LEGAL STANDARDS

Rule 37(b) authorizes sanctions against a party for failure to obey a discovery order.[13] Among the sanctions available under the rule are "prohibiting the disobedient party from supporting or opposing designated claims or defenses," "striking pleadings in whole or in part," and "dismissing the action or proceeding in whole or in part[.]"[14] If a party fails to attend their own deposition, Rule 37(d) allows a court to impose "any of the sanctions available in Rule

---

[5] Docket 102 at 1.
[6] *Id.*
[7] *Id.* at 1–2.
[8] Docket 105; *see also* Docket 106.
[9] Docket 105 at 5.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Fed. R. Civ. P. 37(b)(2)(A), (C).
[14] Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii), (v).

37(b)(2),” and requires the court to award "reasonable expenses, including attorney's fees, caused by the [party's] failure [to act], unless the failure was substantially justified or other circumstances make an award of expenses unjust."[15] "Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court."[16]

"Where the drastic sanction[] of dismissal . . . [is] imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith."[17] "[A]ll that is required to demonstrate willfulness, fault, or bad faith" is "disobedient conduct not shown to be outside the control of the litigant[.]"[18] In determining whether a case-dispositive sanction under Rule 37(b)(2) is appropriate, a court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[19]

### III. DISCUSSION

As an initial matter, Defendants' request for sanctions is well within the scope of Rule 37(b) and (d). Plaintiff Reedy failed to appear for her deposition when it was initially noticed to take place on October 13, 2025.[20] Based on this conduct, the Court issued an order that expressly required Plaintiff Reedy to attend a videoconference deposition within 30 days, at a date and time to be determined and noticed by defense counsel.[21] On November 28, 2025, Defendants mailed a deposition notice to Plaintiff Reedy's last known address, confirming that

---

[15] *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992); Fed. R. Civ. P. 37(d)(3).
[16] *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976); *David v. Hooker, Ltd.*, 560 F.2d 415, 418–19 (9th Cir. 1977)).
[17] *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946–47 (9th Cir. 1993) (internal quotation marks omitted) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)); *accord Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions." (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003))).
[18] *Henry*, 983 F.2d at 948 (internal quotation marks omitted) (quoting *Fjelstad*, 762 F.2d at 1341).
[19] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal quotation marks omitted) (quoting *Jorgensen*, 320 F.3d at 912).
[20] Docket 101 at 4, ¶ 11.
[21] Docket 102 at 1.

Order re Joint Mtn for Sanctions 3
*Ospina v. Wertanen*
3:19-cv-00224-KFR
Case 3:19-cv-00224-KFR   Document 113   Filed 02/13/26   Page 3 of 7

her deposition would take place over Zoom on December 9, 2025, at 10:00 a.m. Alaska Standard Time.[22] Plaintiff Reedy again failed to appear for her deposition.[23] Rule 37(b) and (d) authorize sanctions in these circumstances.

Because Defendants' request for sanctions includes the case-dispositive sanction of partial dismissal, the Court first addresses Plaintiff Reedy's culpability. Plaintiff Reedy has not communicated with the Court or with Defendants in an attempt to explain her conduct. Furthermore, the record before the Court indicates that, on top of mailing deposition notices to Plaintiff Reedy's address, Defendants forwarded those documents to Plaintiff Reedy's email address per her own request.[24] From these facts, the Court finds that Plaintiff Reedy's repeated failures to attend her deposition were willful.[25]

The Court next applies the governing five-factor test for assessing the propriety of case-dispositive sanctions. The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. It is Plaintiff Reedy's duty to prosecute her case, which is now approximately six and a half years old.[26] Yet Plaintiff Reedy has twice failed to appear for her noticed deposition, even after the Court warned that continued nonattendance could result in sanctions beyond those contained in the Court's order granting Defendant Wertanen's motion to compel. Plaintiff Reedy has offered no justification for her conduct, has not responded to Defendants' instant Motion, and has not otherwise indicated that she still wishes to participate in this case. Plaintiff's conduct both

---

[22] Docket 106 at 2, ¶ 2.
[23] Docket 105-2.
[24] Docket 101 at 2–3, ¶¶ 3, 5, 9–10.
[25] *See Henry*, 983 F.2d at 948. The Court's finding accounts for the fact that the deposition notices that were served to Plaintiff Reedy by mail at her current listed address were returned to sender. *See* Docket 101-6; Docket 105-1. To the extent that Plaintiff Reedy's listed address is out of date, she has failed to adhere to her duty to "keep the court and other parties advised of [her] current address and telephone number." L. Civ. R. 11.1(b)(2); *see also* Docket 91-1 at 2, ¶¶ 4–8 (Plaintiff Reedy's former counsel stating that Plaintiff Reedy last updated her address and telephone number with counsel on March 16, 2021, that Plaintiff Reedy did not communicate with counsel after that date, and that counsel had been unable to locate Plaintiff Reedy despite hiring a private investigator for that purpose in September 2023); Docket 101 at 2, ¶¶ 2–13 (describing defense's thorough and mostly unsuccessful efforts to reach Plaintiff Reedy). Failure to adhere to this duty carries the risk of dismissal. *See* L. Civ. R. 11.1(b)(3); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).
[26] *Fidelity Philadelphia Tr. Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).

hinders the expeditious and appropriate progression of her case and undermines the Court's ability to manage its docket.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[27] That presumption may be rebutted when a plaintiff proffers an excuse for delay. Here, however, Plaintiff has not offered any reason for repeatedly failing to appear at her deposition, let alone a justifiable one.[28] Moreover, Defendants maintain that they would be "severely prejudiced" by their inability to obtain Plaintiff Reedy's deposition testimony before trial, as Plaintiff Reedy appears to have knowledge relevant to both her and Plaintiff Ospina's claims in this case.[29]

The fourth factor—public policy in favor of deciding cases on their merits—usually weighs against dismissal because public policy favors disposition on the merits.[30] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[31] which is the case here.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal. This factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[32] In its order granting Defendant Wertanen's

---

[27] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
[28] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).
[29] Docket 105 at 7–8 (explaining that Plaintiff Reedy "is believed to have knowledge relevant to whether Mr. Ospina knew or should have known that officers were outside the residence before he exited and the purpose for which he was carrying a rifle[,]" and has knowledge "regarding the circumstances or her alleged unlawful detainment or recorded audio statements with investigating officers"); *see also* Docket 1-1 (Amended Complaint).
[30] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).
[31] *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).
[32] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

motion to compel, the Court explicitly ordered Plaintiff Reedy to attend her deposition and warned her that "failure to attend her noticed deposition may lead to imposition of further sanctions" as authorized by Rule 37(b)(2)(A).[33] The Court further noted that because Plaintiff Reedy had already failed to appear at her deposition, Rule 37(d)(3) required it to award reasonable expenses caused by her nonappearance, unless Plaintiff Reedy could show that her nonappearance "was substantially justified or other circumstances make an award of expenses unjust."[34] Accordingly, the Court ordered Plaintiff Reedy to show cause why she should not be ordered to pay the reasonable expenses that Defendants have incurred due to her failure to attend her deposition.[35] Despite these warnings, Plaintiff Reedy failed to appear at her rescheduled deposition or to respond to the show cause order. Given this history, the Court finds no sanction short of dismissal to be satisfactory or effective in this case.[36]

Therefore, the Court grants Defendants' request that Plaintiff Reedy's claims be dismissed. Furthermore, because Defendants have established that allowing Plaintiff Reedy to testify at trial in support of Plaintiff Ospina's claims would be prejudicial under these circumstances, the Court likewise grants Defendants' request that Plaintiff Reedy be barred from testifying at trial regarding Plaintiff Ospina's claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Joint Motion for Sanctions Against Plaintiff Traci Reedy at Docket 105 is **GRANTED**. Plaintiff Reedy's claims against Defendants are **DISMISSED**. In addition, Plaintiff Reedy may not testify at trial regarding Plaintiff Ospina's claims.

Finally, the Court will allow Plaintiff Reedy one final opportunity to avoid the mandatory monetary sanctions set forth in Rule 37(d)(3). On or before **March 16, 2026**, Plaintiff Reedy may file a written document with the Court explaining why her failures to

---

[33] Docket 102 at 1.
[34] *Id.* at 1–2 (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994)).
[35] *Id.* at 2.
[36] *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

appear at her deposition were "substantially justified" or why "other circumstances make an award of expenses unjust."[37] If Plaintiff fails to file such a document, Defendant Wertanen may, upon submission of a properly supported application, recover "reasonable expenses" caused by Plaintiff Reedy's absences from her deposition.[38]

DATED this 13th of February 2026, at Anchorage, Alaska.



KYLE F. REARDON
United States Magistrate Judge
District of Alaska

---

[37] *Id.*
[38] *See* Fed. R. Civ. P. 37(d)(3).